STATE OF INDIANA ) FILED IN IN THE LAKE SUPERIOR/CIRCUIT COURT
)SS: CLERK'S OFFICE
) 2018 MAY 8 PM 1 36 SITTING AT _____

IRVIN CARMEN MICHAEL A. FIN )
 CLERK LAKE CIRCUIT )
  Plaintiff, )
  )
 vs.  ) CAUSE NO.:
  )
JOHN BUNCICH, in his official capacity as ) **4 5D11 1805 CT00 075**
SHERIFF OF LAKE COUNTY; EDWARD )
DAVIES, individually and in his official )
Capacity as Jail Administrator of Lake )
County Jail; Dr. WILLIAM FORGEY, )
Individually and in his official capacity as )
Medical Director of Lake County Jail; )
UKNOWN EMPLOYEES OF LAKE )
COUNTY JAIL; CORRECTIONAL )
HEALTH INDIANA, INC. and UKNOWN )
EMPLOYEES OF CORRECTIONAL )
HEALTH INDIANA, INC. )
  )
  Defendants. )

## COMPLAINT

  COMES NOW, Plaintiff Irvin Carme by Counsel Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC, and for his Complaint for Damages against the defendants, John Buncich, in his official capacity as Sheriff of Lake County, Edward Davies, individually and in his official capacity as Jail Administrator of Lake County Jail; Dr. William Forgey, Individually and in his official capacity as Medical Director of Lake County Jail; Unknown Employees of Lake County Jail; Correctional Health Indiana, Inc. and Unknown Employees of Correctional Health Indiana, Inc. (collectively "Defendants"), state and allege as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Irvin Carmen's rights as secured by the United States Constitution.

2. On or about January 28, 2016, Mr. Carmen was arrested and taken to Lake County Jail, where he would spend the next several months. When originally booked, Mr. Carmen was held in the bull pen of booking for over twenty-four (24) hours. In May 2016, Mr. Carmen began experiences some itching and red irritation. He was involved by Lake County Medical staff that he had scabies. He was released back to general population. On or about May 13, 2016, it was confirmed that Mr. Carmen had contracted Methicillin-Resistant Staphylococcus Aureus (hereinafter, "MRSA").

## THE PARTIES

3. In May 2016, Irvin Carmen was an inmate of the Lake County Jail and a resident of Lake County, Indiana.

4. At all relevant times hereto, the Lake County Jail was operated by the Lake County Sheriff, Defendant John Buncich.

5. At all times relevant to the events at issue in this case, Defendant Buncich was the duly elected Sheriff of Lake County, Indiana. As such, Defense Buncich was acting under color of law. He is sued in his official and individual capacities.

6. At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies, and procedures as Sheriff of Lake County for the provision of certain medical care by medical personnel and corrections officers, including administration of medical treatment and medication, to detainees at Lake County Jail. Defendant Buncich's policies were implemented by and through jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

2

7. At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, polices, and procedures as Sheriff for the training, supervision, and discipline of correctional offices and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Buncich's polices were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

8. At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies and procedures as Sheriff of Lake County for the maintenance and cleaning of the Lake County Jail to be done by employees of the Lake County Jail. Defendant Buncich further promulgated rules, regulations, polices and procedures as Sheriff of Lake County for the booking of pre-trial detainees and housing inmates of Lake County Jail.

9. At all times relevant to the events at issue in this case, Defendant Buncich, as Sheriff of Lake County, was the final policymaker for the Lake County Sheriff's Department and the Lake County Jail.

10. At all times relevant to the events at issue in this case, Defendant Edward Davies was employed by the Lake County Sheriff's Department as the Jail Administrator. As such, Defendant Davies was acting under color of law. He is sued in his official and individual capacities. In his role as Jail Administrator, Defendant Stewart was

3

responsible for ensuring that the Jail provided lawful treatment and care to the Jail detainees and that the practices of the Jail complied with federal and state requirements for the treatment of detainees, including that detainees are provided with proper medical care. Defendant Davies had personal knowledge that detainees were not provided with proper medical care. Defendant Davies had personal knowledge that detainees were not being provided with proper medical care, and thus that the Jail, its employees, and its contractors were not meeting their obligations to provide proper medical care, and Defendant Davies implemented, enforced, and/or condoned such practices.

11. At all times relevant to the events at issue in this case, as Jail Administrator, Defendant Davies was responsible for ensuring that the practices of the Jail, with respect to holding detainees in booking and overcrowding of cells, complied with federal and state requirements. Defendant Davies had personal knowledge that detainees were being held in booking beyond twenty-four (24) hours and that cells were overcrowded with inmates.

12. At all times relevant to the events at issue in this case, Defendant Dr. William Forgey was medical director of Lake County Jail. As medical director, Defendant Forgey had responsibility for overseeing the Jail's medical department, and for responding to detainees' health and medical needs that were brought to his attention. The health and medical needs of Plaintiff, and the injuries that Plaintiff were suffering as a result of the Jail's policies and practices, were brought to the attention of Defendant Forgey, and Forgey was deliberately indifferent to them.

4

13. At all times relevant to the events at issue in this case, Unknown Employees of Lake County jail were employed by the Lake County Sheriff's Department and worked at the Lake County Jail as correctional officers. As such, these Defendants were acting under color of law.

14. Defendant Correctional Health Indiana, Inc. ("Correctional Health"), is a for-profit Indiana Corporation with its principal place of business at 817 Veterans Lane, Crown Point, Indiana 46307. At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and the Lake County Sheriff's Department to provide medical evaluation, care, treatment and medication to detainees incarcerated at the Lake County Jail. In its capacity as a contractor to the Lake County Jail, Defendant Correctional Health was, at all relevant times, acting under color of law.

15. At all times relevant to the events at issue in this case, Defendant Correctional health, in its capacity as contractor to the Lake County Jail, promulgated rules, regulations, policies, and procedures for the provision of certain medical care by medical personnel and correctional officers, including administration of medical care and medication, to detainees at the Lake County Jail. Defendant Correctional Health's policies were implemented by and through Jail employees and contractors, including the individual Defendant officers and individual Defendant Medical Care providers, who were responsible for the medical care of detainees at Lake County Jail.

16. At all times relevant to the events at issue in this case, Defendant Correctional Health, in its capacity as contractor to the Lake County Jail, promulgated rules, regulations, polices and procedures for the training, supervision, and discipline of correctional

officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Correctional Health's polices were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

17. At all times relevant to the events at issue in this case, Defendants Unknown Employees of Correctional Health were employees of Correctional Health and had the responsibility to provide evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.

## FACTS

18. On or about January 28, 2016, Plaintiff was arrested and taken to the Lake County Jail.

19. Plaintiff remained in holding from the time he arrived at the Lake County Jail until well after twenty-four (24) hours had passed.

20. The "bull pen" where Plaintiff was held in the holding section of the Lake County Jail was filthy, unsanitary and overcrowded.

21. Plaintiff was transferred to general population.

22. Plaintiff was subject to filthy and unsanitary conditions in his cell, shower and common areas.

6

23. Defendants did not adequately clean inmates cells and did not protect inmates from the spread of life-threatening infections.

24. On or about May 11, 2016, Plaintiff went to medical and complained of itching and leakage from a boil.

25. Plaintiff was supposed to be quarantined; however, he was returned to general population.

26. On or about May 13, 2016, the test results showed that Plaintiff contracted MRSA.

27. Plaintiff was held in isolation for four (4) days and returned to general population.

28. On or about June 24, 2016, Plaintiff complained to medical of potential infection on his back.

29. Defendant Medical Care Providers confirmed that Plaintiff had a fungal infection.

30. Plaintiff did not receive any medication to treat said infection for two (2) days.

31. Plaintiff has grave fears about recurrences and infecting his loved ones with the diseases he contracted while at Lake County Jail.

32. As a result of Defendants' conduct, Plaintiff suffered the embarrassment, immense pain, bumps and scarring associated with contracting MRSA and other fungal infections.

33. Plaintiff was subjected to the unsanitary conditions of the Lake County Jail and its medical unit.

34. The Defendants knew and/or reasonably should have known that Plaintiff was at risk of contracting a staph infection, but they were deliberately indifferent to this risk, failing to protect Plaintiff by taking measures to prevent the spread of MRSA and other fungal infections.

35. Defendants have engaged in a pattern and practice of failing and/or refusing to provide adequate and necessary medical treatment to inmates.

36. Defendants have engaged in a pattern and practice of failing to adequately treat inmates who require medical care.

37. Defendants have acted with deliberate indifference toward Plaintiff's medical needs and well-being, in that they knew of the substantial risk of serious harm to Plaintiff and they ignored that risk.

38. Defendants' actions and inactions have amounted to unnecessary and wanton infliction of pain and grief.

39. Defendants' actions and inactions toward Plaintiff have caused him physical and emotional injury, and have created significant and permanent scarring.

40. Defendants have violated Plaintiff's clearly established and well-settled federal and state constitutional rights, including his right to be free from deliberate indifference to his medical needs and well-being.

41. Defendants acted with callous indifference toward Plaintiff's federal and state rights.

42. At all times during the events at issue, each of the Defendants, upon information and belief, were aware of and acquiesced in the acts of the other Defendants.

43. Defendants Buncich, Dr. Forgey and Correctional Health have acted with deliberate indifference, failed to adequately train, supervise and discipline personnel at the Lake County Jail, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

44. Defendants Buncich, Dr. Forgey and Correctional Health have, with deliberate indifference, failed to provide sanitary and human conditions in the Lake County Jail

and medical unit, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

45. Defendants Buncich, Dr. Forgey and Correctional Health have, with deliberate indifference, failure to adequately train and supervise personnel at Lake County Jail concerning the proper sanitation practices to provide for the health and humane treatment of the inmates, and the injuries to Plaintiff were caused by, and were a foreseeable consequence of, such failures.

46. At all times relevant to the events at issue, Defendants have refused and/or otherwise failed to provide the recommended treatment to individuals with MRSA, including but not limited to, not providing MRSA patients with all doses of antibiotics on the required schedule, and not providing medical attention to the MRSA patients to the extent that some patients' MRSA "boils" or infections have been opened in and under unsanitary conditions by other individuals.

47. Defendant Buncich, Dr. Forgey and Correctional Health knew and/or reasonably should have known that they had provided inadequate training, supervision and discipline to personnel at the Lake County Jail, and that this failure was likely to result in the constitutional violations that cause Plaintiff's injuries.

48. Plaintiff's serious injuries were a foreseeable and direct result of Defendants' actions and inactions.

49. At all times relevant to the events at issue, Defendants have refused and/or otherwise failed to follow the protocol recommended by the Department of Health and Human Services, Centers for Disease Control and Prevention, for the prevention and/or

treatment of MRSA, and have routinely and continually exposed individuals with MRSA to those who do not have it, allowed filthy and unsanitary conditions to exist.

50. At all times relevant to the events at issue, Defendants have refused and/or otherwise failed to provide clean, sanitary conditions at Lake County Jail and thus, have created an environment in which MRSA not only exists, but has thrived to the point of becoming epidemic in proportions.

51. Defendants' conduct shocks the conscience.

52. As a direct and proximate result of Defendants' wrongful actions and inactions, Plaintiff has incurred significant hardship.

53. As a direct and proximate result of the Defendants' wrongful actions and inactions, Plaintiff has suffered grievously and needlessly, including, without limitation, severe bodily injury, extreme pain and discomfort, and severe emotional distress.

## COUNT I: 42 U.S.C § 1983
### Violation of Eighth Amendment Rights
### Against All Defendants

54. Each paragraph of this Complaint is incorporated as if restated fully herein.

55. Defendants, acting under color of law, denied Plaintiff his rights under the Eighth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

56. As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

## COUNT II: 42 U.S.C § 1983
## Violation of Fourteenth Amendment Rights
## Against All Defendants

57. Each paragraph of this Complaint is incorporated as if restated fully herein.

58. Defendants, acting under color of law, denied Plaintiff his rights under the Fourteenth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

59. As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

## COUNT III: 42 U.S.C § 1983
## Defendant Buncich, Dr. Forgey and Correctional Health

60. Each paragraph of this Complaint is incorporated as if restated fully herein.

61. Prior to the events at issue herein, Defendant Buncich developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the Lake County Jail, which cause violations of Plaintiff's rights.

62. It was the policy, practice and/or custom of Defendant Buncich to provide unsafe, inhumane and unsanitary conditions in the Lake County Jail and its medical unit.

63. It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and Correctional Health to fail to adequately treat inmates who required extensive and/or expensive medical care.

64. It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and Correctional Health to inadequately and improperly investigate and scrutinize the backgrounds of administrators and medical service providers, including those identified herein.

11

65. As a result, Defendant Buncich, Dr. Forgey and Correctional Health retained administrators and medical service providers, including those identified herein, who have deprived the federally and state protected rights of people with whom they have come into contact, including Plaintiff.

66. The deprivation of rights was the plainly obvious consequence of Defendant Buncich, Dr. Forgey and Correctional Health's failure to adequately and properly investigate and scrutinize the backgrounds of administrators and medical providers.

67. It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and Correctional Health to inadequately and improperly investigate complaints regarding constitutional violations at the Lake County Jail (including complaints concerning inadequate medical care and inhuman prison conditions), and such violations were instead tolerated by the Defendants.

68. It was the policy, practice and/or custom of Defendant Buncich to inadequately supervise and train its administrators and medical providers, including those identified herein, thereby failing to adequately discourage further constitutional violations on the part of these officials.

69. Defendant Buncich, Dr. Forgey and Correctional Health did not provide and/or require appropriate in-service training or re-training to prevent constitutional violations.

70. As a result of the above described policies, practices and customs, administrators and medical providers believed that their actions would not be investigated or sanctioned, but would be tolerated.

12

71. The above described polices, procedures and customs demonstrated a deliberate indifference on the party of the policymakers to the constitutional rights of persons within the Lake County Jail, and were the cause of the violations of Plaintiff's rights as alleged herein.

72. As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

## COUNT IV: State Law Negligence
## Against All Defendants

73. Each paragraph of this Complaint is incorporated as if restated fully herein.

74. Defendants had a duty to provide Plaintiff with safe and sanitary living conditions.

75. As stated in detail above, Defendants failed to provide Plaintiff with safe and sanitary conditions.

76. As a direct result of Defendants' failures, Plaintiff contracted MRSA and other fungal infections causing extreme pain and permanent scarring.

## COUNT V: State Law
## Respondeat Superior
## Defendant Correctional Health

77. Each paragraph of this Complaint is incorporated as if restated fully herein.

78. In committing the acts alleged in the preceding paragraphs, Defendant Medical Care Providers were employees, members, and agents of Correctional Health, acting at all relevant times within the scope of his or her employment.

79. Defendant Correctional health is liable as principal for all torts committed by their agents.

13

## REQUESTED RELEIF

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that the Plaintiff has suffered substantial and continuing injury as a result of deprivation of his civil and constitutional rights, and otherwise wrongful conduct, and aware the following relief as appropriate:

    a.  Compensatory damages

    b.  Punitive damages against the individual capacity Defendants

    c.  Attorneys' fees and costs

    d.  Such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Irvin Carmen, hereby demands a trial by jury on all issues so triable.

Dated this 8th Day of May, 2018.

RESPECTFULLY SUBMITTED,

Russell W. Brown, Jr.
KING, BROWN & MURDAUGH, LLC
9211 Broadway
Merrillville, IN 46410
219-769-6300
rbrown@kbmtriallawyers.com
Attorney for Plaintiff