UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| IRVIN CARMEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 2:18-CV-00227-JTM-JEM |
| | ) | |
| LAKE COUNTY SHERIFF DEPARTMENT | ) | |
| EDWARD | ) | |
| DAVIES, individually and in his official | ) | |
| Capacity as Jail Administrator of Lake | ) | |
| County Jail; Dr. WILLIAM FORGEY, | ) | |
| Individually and in his official capacity as | ) | |
| Medical Director of Lake County Jail; | ) | |
| UKNOWN EMPLOYEES OF LAKE | ) | |
| COUNTY JAIL; CORRECTIONAL | ) | |
| HEALTH INDIANA, INC. and UKNOWN | ) | |
| EMPLOYEES OF CORRECTIONAL | ) | |
| HEALTH INDIANA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTION TO DEFENDANT DR. FORGEY AND CORRECTIONAL HEALTH INDIANA'S MOTION FOR ENTRY OF SUMMARY JUDGMENT

Comes now, Plaintiff, Irvin Carmen, by Counsel, Russell W. Brown, Jr. of King, Brown

& Murdaugh, LLC and files this Objection to Defendant Dr. Forgey and Correctional Health

Indiana's Motion for Entry of Summary Judgment and in support states as follows:

1.  Plaintiff originally filed his Complaint in the Lake County Superior Court.

2.  Defendants removed the case to the United States District Court, Hammond Division.

3.  On July 27, 2018, Defendants filed a Motion for Summary Judgment/ Motion to

    Dismiss.

4.  The Affidavit of Jose Menchaca [DE10] filed in conjunction with Defendants'
    Motion stated that Mr. Carmen was released from custody on or about November 28,
    2016.

5.  On August 20, 2018, prior to the deadline to respond to Defendants' Motion,
    Plaintiff's filed a Motion to Amend the Complaint which is still pending before this
    court.

6.  Plaintiff respectfully was waiting for the court to rule on his Motion to Amend the
    Complaint prior to responding to Defendants' Motion.

7.  The basis of Defendants' Motion is that Mr. Carmen failed to exhaust his
    administrative remedies under the Prison Litigation Reform Act (PLRA); however,
    the PLRA's exhaustion requirement does not apply to prisoners who file their
    lawsuits following their release from incarceration.  Kerr v. Puckett, 138 F.3d 321,
    322 (7th Cir. 1998).

8.  Per the Defendant's own evidence, Mr. Carmen was released on November 28, 2016.
    Mr. Carmen filed this complaint in state court on May 8, 2018.  Therefore, the
    exhaustion requirement of the PLRA does not apply to Mr. Carmen's complaint.

WHEREFORE, Plaintiff, by Counsel, prays that this Court deny Defendants' Motion for
Summary Judgment and for all other just and appropriate relief.

Respectfully submitted,

KING, BROWN & MURDAUGH, LLC


By:/s/ Russell W. Brown, Jr.
    Russell W. Brown, Jr. #29628-64
    Attorney for Plaintiff
    Barrister Court
    9211 Broadway
    Merrillville, IN  46410
    219/769-63000 - Fax 219/769-0633

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing Plaintiff's Motion to Amend Complaint was served electronically via the CM/ECF system which sent notification to all attorneys of record on this 10th day of September, 2018.

/s/ Russell W. Brown, Jr.
Russell W. Brown, Jr.