UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IRVIN CARMEN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO.: 2:18-CV-00227-JTM-JEM |
| ) | |
| LAKE COUNTY SHERIFF DEPARTMENT) | |
| EDWARD ) | |
| DAVIES, individually and in his official ) | |
| Capacity as Jail Administrator of Lake ) | |
| County Jail; Dr. WILLIAM FORGEY, ) | |
| Individually and in his official capacity as ) | |
| Medical Director of Lake County Jail; ) | |
| UKNOWN EMPLOYEES OF LAKE ) | |
| COUNTY JAIL; CORRECTIONAL ) | |
| HEALTH INDIANA, INC. and UKNOWN ) | |
| EMPLOYEES OF CORRECTIONAL ) | |
| HEALTH INDIANA, INC. ) | |
| ) | |
| Defendants. ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. In accordance with Fed. R. Civ. P. 26(f), the parties conducted a conference on December 13, 2018, that was attended by:

    Russell W. Brown, Jr., Plaintiff,

    Casey McCloskey, Defendant Edward Davies

    Kevin McNamara, Defendant William Forgey and Correctional Health Indiana

    Angela Jones, Defendant Unknown Employees of Lake County Jail

    John McCrum, Defendant William Forgey and Correctional Health Indiana

    and John Kopack, Defendant Lake County Sheriff.

2. Pre-Discovery Disclosures: The parties will exchange by **January 31, 2019** the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the court the following discovery plan:

    Discovery will be needed on the following subjects:

- Fact allegations asserted in Plaintiff's Complaint.
- The extent, nature, severity and amount of damages, if any.
- Plaintiff's background
- The events giving rise to the Complaint allegations.

Disclosure or discovery of electronically stored information should be handled as follows:

The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party.

A. Search for Documents. The parties agree that all documents responsive to written discovery requests will be produced in hard copy. The parties may request that specific documents maintained electronically be produced in "NATIVE" format upon showing of good cause.

B. Search Methodology. Disclosure and production of ESI will be limited to data that is reasonably available and accessible to the parties in the ordinary course of business. Cost allocation relating to (i) searching for ESI that is not reasonably available and accessible; and (ii) producing ESI in NATIVE format will be borne by the party requesting such information.

The parties have agreed to order regarding claims of privilege or of protection as trial preparation material asserted after production, as follows:

A. Privilege. A party who, relying on any privilege or the work-product doctrine, does not produce all documents that would have been produced but for the claim of privilege or the work-product doctrine must specify which privilege or doctrine it is invoking.

B. Inadvertent Disclosure of Privileged Information. In the interest of expediting discovery in these proceedings and avoiding unnecessary costs, (a) inadvertent or unintentional disclosure in this litigation of privileged information and/or work product shall not be deemed a waiver, in whole or in part, of any otherwise valid claim of privilege, immunity, or other protection; and (b) failure to assert a privilege and/or work product argument in this litigation as to one document or communication shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection as to any other document or communication allegedly so protected, even involving the same subject matter. In addition, the parties enter into a "claw-back" agreement whereby a party receiving inadvertently produced document containing work-product information agrees to return said privileged documentation within two business days of notification. The party receiving inadvertently produced privileged information agrees to preserve the confidentially of such information until any dispute regarding the applicability of the privilege is resolved. In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form ESI is produced may be further limited or modified by agreement of the parties.

    C. Preservation of Data.  The parties will make every effort to preserve all electronic data relevant to either party's claims or defense.

    D. Additional issues.  At this time, the parties do not know of any additional electronic discovery issues that may arise in this matter.  If additional issues arise not governed by this Plan, the parties agree to work in good faith to resolve the matter before bringing the issue to the Court's attention.

    E. Protective Order.  The parties have agreed to seek a protective order from the Court prior to disclosure by either party of confidential information.

The last date for the completion of fact discovery **May 1, 2020.**  The last date for completion of expert discovery is **July 1, 2020.**

Maximum of 25 interrogatories by each party to any other party.

Maximum of 25 requests for admission by each party to any other party.

Maximum of 5 depositions by plaintiff(s) and 5 by defendant(s).

Each deposition limited in accordance with the Federal Rules, unless extended by agreement of the parties.

The filing of reports from retained experts under Rule 26(a)(2) due:

    From plaintiff by **April 1, 2020**.

    from defendants by **May 15, 2020**.

Any party or wishes to limit or preclude expert testimony at trial shall file any such objections no later than 60 days before trial.

Supplementations under Rule 26(e) due in accordance with Federal Rules.

4. Other Items.

The last date for the plaintiff to seek leave of court to join additional parties and to amend pleadings is **March 1, 2019**.

The last date for the Defendants to seek leave of court to join additional parties and to amend the pleadings is **April 1, 2019**.

The timing of filing disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by separate order.

The parties have agreed upon **Steve Johnson** as a mediator.  Thirty days before the final pretrial conference counsel shall provide written status report to the ADR administrator regarding the status of mediation.

The case should be ready for jury trial by May 2020 and at this time is expected to take approximately 5 days.

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar.  Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen.  Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer.  The document camera may be used to display documents, photographs, charts, transparencies, and small objects.  Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Date: December 14, 2018.

/s/ Russell W. Brown, Jr.
Russell W. Brown, Jr.
Counsel for plaintiff
King, Brown & Murdaugh, LLC
9211 Broadway
Merrillville, IN 46410
219-769-6300
rbrown@kbmtriallawyers.com

/s/ Casey McCloskey
Casey McCloskey
Counsel for Edward Davies
John Kopack & Associates
9111 Broadway, Suite GG
Merrillville, IN 46410
219-738-2978
attymccloskey@hotmail.com

/s/ John M. Kopack
John M. Kopack
Attorney for Lake County Sheriff
John Kopack & Associates
9111 Broadway, Suite GG
Merrillville, IN 46410
219-738-2978
john@kopack-law.com

/s/ John McCrum
John McCrum
Attorney For Dr. Forgey & Corr. Health
Eichorn & Eichorn, LLP
2929 Carlson Dr. Suite 100
Hammond, IN 46323
219-931-0560
jmccrum@eichorn-law.com

/s/ Kevin McNamara
Kevin McNamara
Attorney For Dr. Forgey & Corr Health
Eichorn & Eichorn, LLP
2929 Carlson Dr. Suite 100
Hammond, IN 46323
219-931-0560
kmcnamara@eichorn-law.com

/s/Angela Jones
Angela Jones
Attorney For Def. Unknown Employees LCJ
Law Office Angela Jones
9301 Calumet Ave, Suite 2F
Munster, IN 46321
219-933-7600
ajones@angelajoneslegal.com

/s/ Blake Dahl
Blake N. Dahl
Attorney for Plaintiff
2700 Valparaiso St., Suite 2024
Valparaiso, IN 46384
219-246-2510
blake@lawfirmindiana.com