UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IRVIN CARMEN,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CAUSE NO. 2:18-CV-227-JTM-JEM |
| EDWARD DAVIES, *et al.*,<br>    Defendants. | )<br>)<br>) |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss for Failure to Comply with the Court's Discovery Orders [DE 47], filed by Defendants William Forgey and Correctional Health Inc. ("CHI") on January 21, 2020. Defendants seek to dismiss the claims against them because Plaintiff has not produced discovery as ordered by the Court. Plaintiff did not respond to the motion within the time allotted to do so.

On January 30, 2020, District Court Judge James T. Moody entered an Order [DE 50] referring this matter to the undersigned Magistrate Judge for a report and recommendation on both motions pursuant to 28 U.S.C. § 636(b)(1)(B). On July 9, 2019, pursuant to the referral, the Court held a hearing on the motion.

**I.    Background**

Defendants CHI and Forgey served requests for production and interrogatories on Plaintiff on May 14, 2019. Plaintiff did not timely respond to the requests, and did not comply with informal extensions subsequently agreed with the Defendants. Eventually, on October 7, 2019, counsel for Plaintiff told counsel for CHI and Forgey that "[w]e have made several attempts to reach out to Mr. Carmen to complete the outstanding discovery" but that "[t]o this date, he has failed to respond."

CHI and Forgey filed a motion to compel, to which Plaintiff did not respond. The Court granted the motion to compel, noting Plaintiff's apparent failure to prosecute the case, and ordered Plaintiff to provide complete responses to CHI and Forgey's requests by December 2, 2019. *See* October 29, 2019 Order [DE 25].

On January 21, 2020, Defendants filed the instant motions to dismiss, arguing that Plaintiff has not complied with the Court's orders. Plaintiff did not respond. At the July 9, 2020, hearing on the motion, Defendants stated that Plaintiff had still not produced any of the outstanding discovery.

## II. Analysis

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted). Dismissal of a claim with prejudice should be considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003).

In this case, Plaintiff has not produced responses to discovery that were due over a year ago,

and did not file a response to the corresponding motion to compel or the instant motion to dismiss. At the July 9, 2020 hearing, counsel for Plaintiff stated that the COVID-19 pandemic exacerbated the difficulties he had communicating with his client. However, counsel conceded that these difficulties preceded the pandemic, and they did not justify Plaintiff's failure to produce discovery before it began. Counsel did not give any indication that he had regained contact with Plaintiff, or that any discovery responses would be forthcoming. The deadlines for discovery have passed.

The Seventh Circuit Court of Appeals has held that dismissal "should only be employed in rare cases." *Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008). However, dismissal can be warranted when a plaintiff fails to participate in discovery for an extended period. *See*, *e.g.*, *Jennings v. Sallie Mae, Inc.*, 358 F. App'x 719, 721-22 (7th Cir. 2009) (upholding dismissal based on failure to participate in discovery); *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 910 (7th Cir. 2003) (upholding dismissal where the plaintiff "had no adequate excuse for its repeated failures to comply with discovery for a period of at least three months"); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857-58 (7th Cir. 1998) (upholding dismissal due to "Williams's attorneys' frequent disregard of discovery rules, protocol, and the court's deadlines and schedules").

In this case, noting Plaintiff's failure to pursue the case, the Court finds that Plaintiff remains in violation of the Court's October 29, 2019 order compelling discovery, and that there is a "clear record of delay or contumacious conduct," warranting dismissal with prejudice. *Rice*, 333 F.3d at 785-86; *Farrar*, 61 F. App'x at 969.

### III. Conclusion

For the reasons described above, the Court hereby **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for Failure to Comply with the Court's Discovery Orders [DE 41], and order the claims against Defendants CHI and Forgey dismissed with prejudice.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served to file written objections to this Report and Recommendation with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 27th day of July, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record